[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #152
The defendant, Robert Palmieri's, motion for summary judgment with respect to the Second Count of the plaintiff's Amended Complaint dated February 10, 1997 is hereby granted for the following reasons.
Palmieri's deposition testimony is admissible because the defendant submitted certified copies of the relevant deposition testimony. Kurelaitis's deposition testimony, however, is inadmissible and should not be considered by the court since the deposition testimony submitted was not certified. "A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Practice Book § 17-45 (formerly § 380).
In addition, there is no controverted evidence or testimony which would raise a genuine issue of material fact that a conspiracy existed between the defendants Robert Palmieri and Donald Lyon, Jr. The evidence submitted supports Palmieri's contention that there is no material fact that he knew of Lyon's purpose in going to The Sports Authority or that he knew of Lyon's reasons for purchasing the gunpowder. "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49 (formerly § 384).
John W. Moran, Judge